UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:13-cr-72-jgm |
| | : | |
| PHILLIP CIOTTI | : | |
| | : | |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS
(Doc. 38)

I.   Introduction

Defendant Phillip Ciotti ("Ciotti" or "Defendant"), is charged in a six-count May 24, 2013 Superseding Indictment with two counts of filing a false income tax return, in violation of 26 U.S.C. § 7206(1), one count of possessing a firearm not registered to him, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871, two counts of selling firearms without keeping required records, in violation of 18 U.S.C. §§ 922(b)(5), 924(a)(1)(D), and one count of failure to conduct a background check prior to transferring a firearm, in violation of 18 U.S.C. §§ 922(t), 924(a)(5). (Doc. 31.).  Ciotti requests a hearing regarding the sufficiency of the warrant issued by Judge Conroy and also moves to suppress the evidence seized when that warrant was executed, arguing both the warrant and search violate the Fourth Amendment.  (Doc. 38.)  The government opposes the hearing request and motion to suppress.  (Doc. 39.)  Defendant did not file a reply.  For the following reasons, Defendant's motion is denied.

II.   Background

On August 2, 2011, Magistrate Judge John M. Conroy issued a warrant to search, inter alia, Ciotti's residence in St. Johnsbury, Vermont.  (Doc. 1.)  The search warrant was based on a ten-page affidavit submitted by Special Agent Benjamin I. Cohen ("SA Cohen") of the Bureau of Alcohol,

Tobacco, Firearms & Explosives ("ATF").  See Doc. 1-4.  The affidavit represented that an investigation by ATF during the winter and spring of 2010 used undercover agents at several gun shows to observe and interact with Ciotti and others.  Id. ¶ 13.  At multiple shows, agents observed two other men selling firearms from a single table with Ciotti, the only Federal Firearms Licensee ("FFL").  Id. ¶ 14.  The agents observed the men refer potential buyers to another person depending on the specific firearm being considered, place cash from purchases into their pockets rather than a central location, and, on at least one occasion, load firearms into their own vehicles after the sale.  Id.  These observations "appeared to suggest" to agents that the men "were individually selling guns rather than acting to assist Ciotti, the only licensed firearms dealer, in making sales."  Id.

The affidavit represents in November 2010, Judge William K. Sessions III issued an ex parte order for the release of Ciotti's 2008 and 2009 tax information, a review of which demonstrated Ciotti had not reported any personal income from sales of firearms.  (Doc. 1-4 ¶ 29.)  It also notes Ciotti's FFL lists his residence address, id. ¶¶ 12, 28, and FFL holders are required to maintain records of gun transactions, id. ¶ 32.

After setting out in detail undercover agents' experiences at five gun shows over the course of 2010, the affidavit states:  "it appears that Ciotti [and the other men] have all been selling firearms as a business, although only Ciotti holds a license to sell such firearms, and that [the others] have been using Ciotti's Federal Firearms License number to facilitate their personal gun sales."  Id. ¶ 25.  Based on the information contained in the preceding nine pages and his experience, SA Cohen's affidavit concludes there is "probable cause" to search Ciotti's residence for "fruits, instrumentalities, and/or evidence of a violation," including conspiracy to engage in the business of dealing in firearms without a license, failure by a Federal Firearms Licensee to keep proper records, and filing a false tax return.  Id. ¶ 33.  The affidavit also states:  "I have not included each and every

fact known to me concerning this investigation.  I have set forth only the facts I believe are necessary to establish probable cause . . . ."  (Doc. 1-4 ¶ 5.)

On August 3, 2011, ATF agents, Internal Revenue Service agents, and other law enforcement officers executed the search warrant at Ciotti's residence.  (Doc. 39-1.)  The agents recovered over 400 firearms, stacks of documents relating to the sales of firearms, and computer equipment, among other items.  Id.

III.	Discussion

The Fourth Amendment, in protecting against "unreasonable searches and seizures," specifically provides "no Warrants shall issue, but upon probable cause."  U.S. Const. amend. IV. Probable cause exists to issue a search warrant if, based on the totality of the facts alleged in the supporting affidavit, there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238 (1983).  The determination is a commonsense conclusion, not a "hypertechnical" analysis of the affidavit.  See United States v. Martin, 157 F.3d 46, 52 (2d Cir. 1998).

Defendant alleges the affidavit supporting the warrant omitted material information which, he argues, "affects a decisive portion of the information provided in the affidavit."  (Doc. 38 at 11.) First, regarding his specific job title as Chief Investigator of the Vermont Medical Practice Board, a "law enforcement capacity" authorizing a gun purchase.  Id. at 8.  Second, regarding repeated sales to undercover agents that complied with federal law and multiple failures by the undercover agents "to get the Defendant or individuals the Government believes he was in business with to engage in illegal firearms sales."  Id. at 9.  Based on these omissions, he argues he is entitled to an evidentiary hearing on the validity of the warrant.  Id. at 8-9.

To be entitled to a hearing, a defendant must make a substantial preliminary showing that: (1) the claimed inaccuracies or omission are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding. United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998) (citation omitted). The "issuance of a search warrant (which depends, of course, on a finding of probable cause) creates a presumption that it was objectively reasonable for the officers to believe that the search was supported by probable cause." Martinez v. City of Schenectady, 115 F.3d 111, 115 (2d Cir. 1997) (citation omitted). Where an officer has allegedly misrepresented or omitted information in the affidavit to support the issuance of a search warrant, the presumption is lost and the "corrected-affidavit doctrine" is applied. See Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991). In applying this doctrine, the alleged omissions are added to the affidavit to determine if the inclusion would have reasonably defeated the probable cause to issue the search warrant. Yelardi v. Walsh, 40 F.3d 569, 573-74 (2d Cir. 1994). Determining whether an alleged omission was "necessary to the finding of probable cause" is essentially a question about materiality. Id. The alleged omissions must be "legally relevant to the probable cause determination." Id.

Here, that Defendant was the Chief Investigator of the Vermont Medical Practice Board as opposed to "an employee of the Vermont State Medical Board," as stated in the affidavit, and that there may have been other crimes he did not commit, is legally irrelevant information. Setting aside whether SA Cohen acted with reckless disregard for the truth -- which it appears he did not[1] -- the affidavit demonstrates probable cause to believe evidence of crimes such as filing a false income tax

---

[1] Defendant's allegations are not sufficiently supported by an offer of proof to indicate either deliberate falsehood or reckless disregard for the truth. See Doc. 38 at 7-11. Further, SA Cohen specifically indicated his affidavit was not inclusive of all known facts, but instead "set forth only the facts [he] believe[d we]re necessary to establish probable cause." (Doc. 1-4 ¶ 5.)

return and failing to keep proper FFL records would be found at Ciotti's residence based on the evidence detailed in the affidavit even including the alleged omissions.  For example, Ciotti's FFL lists his residence address (Doc. 1-4 ¶¶ 12, 28), as an FFL, Ciotti is required to maintain records of gun transactions, id. ¶ 32, undercover agents observed Ciotti placing cash proceeds of gun sales in his pocket, id. ¶ 14, and Ciotti's income tax returns for 2008 and 2009 did not include any income from the sale of firearms, id. ¶¶ 29-30.  Because the affidavit, including the alleged material omissions, is sufficient to support a finding of probable cause[2], Defendant's request for a hearing on the issue of the affiant's omission of material information is denied.

     Lastly, Defendant argues the government agents who searched his home did not rely on the validity of the search warrant in objective good faith because the affidavit misled the Court by omitting information material to the determination of probable cause.  (Doc. 38 at 11.)  He notes , even if seized under a defective warrant, evidence is admissible if law enforcement officers conducting the search acted "'with objective good faith'" in relying on the warrant.  Id. (citing United States v. Leon, 468 U.S. 897, 920-21 (1984)).  The objective good faith exception, however, does not apply if the judge was misled by a reckless disregard of the truth.  Id.  Because the Court has held the warrant, even including the alleged omissions, was not defective, there is no need to resort to the objective good faith doctrine.  Accordingly, the evidence seized at the search of Ciotti's residence need not be suppressed.

---

[2] In the first section of his argument, Defendant asserts the search of his home violated the Fourth Amendment because the search warrant was not supported by probable cause. (Doc. 38 at 3-7.)  In light of the holding that the affidavit, including the alleged omissions, was sufficient to support a finding of probable cause, this argument fails.

IV.      <u>Conclusion</u>

For the above reasons, the Defendant's request for a hearing and motion to suppress evidence (Doc. 38) is DENIED.

This case will be placed on the January 2, 2014 trial calendar.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of November, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge